■ KATHRYN LUCARELLO et al., Respondents, v NEW YORK ZOOLOGICAL SOCIETY, Defendant, and LENOX HILL HOSPITAL et al., Appellants. [621 NYS2d 574] —Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered November 8, 1993, which granted plaintiffs' cross-motion for summary judgment on the issue of fault as against Lenox Hill Hospital and Patrick O'Leary, M.D., unanimously reversed, on the law and the facts, without costs, plaintiffs' cross-motion for summary judgment denied, and the matter remanded.

On August 19, 1989, plaintiff Kathryn Lucarello allegedly slipped and fell at the Bronx Zoo. On September 22, 1989, she was admitted to Lenox Hill Hospital for spinal fusion and lumbar laminectomy and dissectomy. Prior to 1989 she had suffered from low back pain and in May, 1989, had been seen by defendant O'Leary (Dr. O'Leary) and had advised him that she was allergic to codeine and most antibiotics, except Cipro, and to surgical steel staples (they had been used in her skin after a caesarean section). After her fall in August, 1989, she was admitted to Lenox Hill Hospital (Lenox Hill), where Dr. O'Leary operated on her back and, among other procedures, inserted stainless steel cortical screws. The wound was closed without the use of steel or staples. Codeine was not used.

Plaintiffs brought this action alleging negligence by defendant Bronx Zoo and malpractice by Dr. O'Leary and Lenox Hill. After a motion by Dr. O'Leary and Lenox Hill for a protective order with respect to certain discovery demands,

plaintiffs cross-moved for summary judgment on the issue of liability. Plaintiffs submitted no affidavits from doctors showing that Dr. O'Leary and Lenox Hill deviated from accepted medical standards or that her current problems resulted from their treatment of her. The trial court shows no source for its conclusion that the use of surgical steel within the body is contraindicated because of a prior skin reaction to staples. Moreover, there has been no showing that plaintiff was given codeine or a derivative thereof and no showing that plaintiff suffered an adverse reaction or was injured. Conclusory allegations of medical malpractice unsupported by competent evidence tending to establish its essential elements are insufficient to defeat a defendant's motion for summary judgment *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 325). They are similarly insufficient to sustain plaintiffs' motion for summary judgment, especially in light of Dr. O'Leary's own affidavit and the hospital records and correspondence submitted by defendants.

Motion 6093, December 14, 1993, by defendants Dr. O'Leary and Lenox Hill for an order for a stay of the assessment of damages trial in this action is denied as academic in view of the above. Concur—Rosenberger, J. P., Asch, Rubin and Nardelli, JJ.